IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-76,207-01






EX PARTE ALEX PLASENCIO, JR., Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 13641-0002 IN THE 242ND DISTRICT COURT


FROM HALE COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of driving while
intoxicated and sentenced to twenty-five years' imprisonment. The Seventh Court of Appeals
affirmed his conviction. Plasencio v. State, No. 07-00-00385-CR (Tex. App.-Amarillo Dec. 21,
2001, pet. ref'd). 

 Applicant contends that the waiver of his final revocation hearing was involuntary because
his parole officer told him that if he pleaded guilty to pending criminal charges in Potter County, he
would "be on the streets by Friday." On August 24, 2011, we remanded this application and directed
the trial court to order the Texas Department of Criminal Justice's Office of the General Counsel to
obtain a response from Applicant's parole officer. On remand, after obtaining affidavits from Gil
Reeves, Applicant's parole officer, and Christina Propes at the Texas Department of Criminal
Justice-Parole Division, the trial court made findings of fact and conclusions of law and
recommended that we deny relief. On January 11, 2012, we adopted the trial court's findings and
conclusions and denied relief. 

 On January 10 and February 29, 2012, we received motions from Applicant urging us to
remand his application and to reconsider our January 11 denial. In both motions, Applicant said he
was not served with either the trial court's findings and conclusions or Reeves's and Propes's
affidavits, though Applicant noted that he had seen the findings and conclusions. Applicant also said
he wanted to contest the affidavits and submit his own proposed findings and conclusions. 

 We now reconsider and withdraw our previous denial on our own motion and remand this
application to the trial court for further findings of fact and conclusions of law. Tex. R. App. P.
79.2(d). The trial court shall determine whether the Hale County District Clerk mailed or delivered
to Applicant the trial court's findings and conclusions and Reeves's and Propes's affidavits. If the
trial court finds that the District Clerk did not, it shall order her to do so and give Applicant the
opportunity to respond to the affidavits and submit his own proposed findings and conclusions. If
Applicant files a response or his own proposed findings and conclusions, the trial court shall make
further findings and conclusions on Applicant's original claim.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 




Filed: April 18, 2012


Do Not Publish